UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD JONES,

      Plaintiff,

v.                               Case No:    2:19-cv-646-FtM-38NPM

BANK OF AMERICA and STATE OF
FLORIDA,

      Defendants.

_____

**REPORT AND RECOMMENDATION**[1]

This matter is before the Court on *pro se* Plaintiff Donald Jones Affidavit of Indigency (Doc. 2), construed as a Motion to Proceed *In Forma Pauperis* ("IFP").   When a litigant seeks to proceed IFP, the Court is obligated to review the file pursuant to 28 U.S.C. § 1915.[2]   The Court previously found Plaintiff demonstrably unable to pay court fees and costs.   (Doc. 4).   But by statute, the Court is required to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which

_____

[1] Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or websites.   These hyperlinks are provided only for users' convenience.   Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.   By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.   Likewise, the Court has no agreements with any of these third parties or their websites.   The Court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] This statute section governs IFP actions instituted by prisoners but has been interpreted to apply to all litigants requesting leave to proceed IFP.   *Martinez v. Kristi Kleaners, Inc.,* *364 F.3d 1305, 1306 n.1 (11th Cir. 2004).*

relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  While the action appears both frivolous and malicious,[3] the Amended Complaint makes clear that Plaintiff fails to state a claim upon which relief may be granted because he seeks federal-court review of a state-court judgment – a claim for which this Court lacks jurisdiction.

The Amended Complaint recites some of the procedural history of Plaintiff's state-court proceedings concerning a foreclosure action against him and, as the Court can best tell, complains about the entry of a default based on a failure to answer.

However, the Supreme Court of the United States created a jurisdictional rule known as the *Rooker-Feldman* doctrine precluding lower federal courts from reviewing state-court judgments.  *See Castro v. Lewis*, No. 17-15638, 2019 WL 2498803, at *3 (11th Cir. June 17, 2019).  This jurisdictional rule applies to a claim that (1) the state court adjudicated; or (2) is "inextricably intertwined" with a state court judgment.  *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1286 (11th Cir. 2018).  The *Rooker-Feldman* doctrine "is confined to cases of the kind from which it acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  *Exxon Mobil Corp. v. Saudi Basic Indus.*

---

[3] The Amended Complaint does not sufficiently allege either subject-matter jurisdiction or a claim for relief, and "[t]he Court has no obligation to hypothesize federal claims, even considering [Plaintiff's] pro se status").  *Caldwell v. U.S. Dept. of Veterans Affairs*, No. 8:14-cv-2708-T-33EAJ, 2015 WL 370012, at *3 (M.D. Fla. Jan. 27, 2015).  For these reasons, the Court denied IFP status for this Plaintiff in a previous action concerning his mortgage.  *See Jones v. Bank of America*, No. 2:18-cv-00649-SPC-UAM (M.D. Fla. Apr. 16, 2019) (Doc. 53); *see also id.* at Doc. 57 (certifying the Plaintiff's appeal was not taken in good faith).

*Corp.*, 544 U.S. 280, 284 (2005) (quotations omitted).   Such is the case here, and Plaintiff's action is therefore barred for lack of jurisdiction.

Accordingly, it is recommended that Plaintiff's Amended Complaint be dismissed, and that the Clerk be directed to terminate any pending motions and close the file.

Respectfully recommended in Chambers in Fort Myers, Florida on January 13, 2020.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties