UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD JONES,

    Plaintiff,

v.                              Case No.: 2:19-cv-646-FtM-38NPM

BANK OF AMERICA and STATE OF
FLORIDA,

    Defendants.
_____/

## ORDER[1]

Before the Court is a *sua sponte* review of the Amended Complaint. (Doc. 11). Because the Court does not have subject-matter jurisdiction, it must dismiss the case without proceeding any further. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

Federal courts have limited subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). So courts must inquire into jurisdiction *sua sponte* whenever it may be lacking. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Once a court determines it has no subject-matter jurisdiction, it "must dismiss the compliant in its entirety." *Id.* In federal court, there are two types of original jurisdiction: (1) federal question under 28 U.S.C. § 1331; and (2) diversity under 28 U.S.C. § 1332(a).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

First, to have subject-matter jurisdiction under § 1331, a question "arising under" federal law must appear on the face of a well-pled complaint. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002). "A district court may dismiss a federal question claim for lack of subject matter jurisdiction when: (1) the alleged federal claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction;' *or* (2) the claim is 'wholly insubstantial and frivolous.'" *Douse v. Metro Storage, LLC*, 770 F. App'x 550, 550 (11th Cir. 2019) (quoting *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998)). Claims are wholly insubstantial and frivolous when they have "no plausible foundation." *Foley v. Orange Cty.*, 638 F. App'x 941, 943 (11th Cir. 2016) (quoting *Sanders*, 138 F.3d at 1352).

Even liberally construed, any allegations on a federal question here are insubstantial and frivolous. *See id.* at 945-46. Under Plaintiff's theory, Defendant filed a frivolous case in state court, which is "a violation of the plaintiff constitution right." (Doc. 17 at 1) (errors in original). This does not help clarify Plaintiff's claims or—more important—how any of them vests the Court with jurisdiction. The Amended Complaint seeks "$650,000.00 for civil rights violation, age discriminate, Fraud, Suffering and pain." (Doc. 11 at 2) (errors in original). Yet it never sets out a cause of action or any basic facts that could plausibly support a claim. Likewise, there is no alleged constitutional violation. While Plaintiff's claims are construed liberally, the Court cannot "serve as *de facto* counsel" or "rewrite an otherwise deficient pleading." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citation omitted). Pro se or not, the Court cannot "hypothesize federal claims" for litigants. *Caldwell v. U.S. Dep't of Veterans Affairs*, No.

8:14-cv-2708-T-33EAJ, 2015 WL 370012, at *3 (M.D. Fla. Jan. 27, 2015). And the Court will not start doing so here.

Second, to have subject-matter jurisdiction under § 1332, the parties must be completely diverse with an amount in controversy over $75,000. *Arbaugh*, 546 U.S. at 513. Like the allegations on federal question, the Amended Complaint does not establish diversity jurisdiction. Except for an alleged amount in controversy, nothing hints at either citizenship or completely diversity of the parties.

Because the Amended Complaint fails to establish either basis, there is no subject-matter jurisdiction and the Court must dismiss. *E.g., Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) ("Without [sufficient jurisdictional] allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency.").

Shortly after Plaintiff sued, Judge Mizell conducted a preliminary screening under 28 U.S.C. § 1915. (Doc. 4). The Order explained all the deficiencies in Plaintiff's original complaint—including the failure to establish jurisdiction. (Doc. 4 at 3-4). Plaintiff had the chance to amend with a warning that failing to correct the issues may lead to dismissal. (Doc. 4 at 4). And while Plaintiff filed the Amended Complaint, it suffered from all the same shortcomings. In fact, it is nearly identical. While the Court can forgive repeat typos and grammatical missteps, the failure to make any effort to cure fatal pleading deficiencies (particularly jurisdictional ones) buttresses the Court's conclusion to dismiss. Further these are the same problems Plaintiff had in a similar case before the Court. *Jones v. Bank of Am.*, No. 2:18-cv-00649-SPC-UAM (M.D. Fla.). There, the Court dismissed in part because Plaintiff, after receiving several chances, failed to establish

subject-matter jurisdiction. *Jones v. Bank of Am.*, No. 2:18-cv-649-FtM-38UAM, 2019 WL 2210678, at *3 (M.D. Fla. Mar. 25, 2019), *report and recommendation adopted*, 2019 WL 2206904 (Apr. 16, 2019). Considering all this, the Court concludes that dismissal of the case is proper for lack of jurisdiction.

Accordingly, it is now

**ORDERED:**

1. The Amended Complaint (Doc. 11) is **DISMISSED** for lack of subject-matter jurisdiction.

2. The pending Report and Recommendation (Doc. 16) is **DENIED as moot**.

3. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of February, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record