UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD JONES,

    Plaintiff,

v.                                          Case No.:  2:19-cv-646-FtM-38NPM

BANK OF AMERICA and STATE OF FLORIDA,

    Defendants.
_____/

## **ORDER**[1]

Before the Court is Plaintiff's Notice of Appeal (Doc. 26). In the Notice, Plaintiff "request[s] that the [C]ourt forward his affidavit of indigency." (Doc. 26 at 1). Previously, the Court noted Plaintiff's perfunctory request buried in a notice of appeal was insufficient. (Doc. 22). Regardless, the Court liberally construes this as a motion for leave to appeal *in forma pauperis* ("IFP") because it appears that is what Plaintiff intends. And the request is denied because this appeal is not taken in good faith.

28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24 govern IFP motions. To proceed IFP on appeal, two elements are required: (1) the party must show an inability to pay; and (2) the appeal must be brought in good faith. An appeal may not be taken IFP if the district court certifies (in writing) the appeal is not taken in good faith. 28 U.S.C.§ 1915(a)(3). Under an objective standard, good faith demands a nonfrivolous issue. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Plaintiff failed to meet either requirement. He provides no supporting argument or documentation to show an inability to pay. While Plaintiff filed an affidavit of indigency with his Complaint almost nine months ago (Doc. 2), he presents no new information on his indigent status for this appeal. Even if Plaintiff could show an inability to pay, the appeal is not taken in good faith. The Court dismissed this case for lack of subject-matter jurisdiction. (Doc. 18). Before dismissal, Plaintiff had the chance to amend and cure the jurisdictional deficiencies. Yet he could not do so. What is more, Plaintiff neglected to name the issues he intends to appeal, like the Rules require. Fed. R. App. P. 24(a)(1)(C).

The Court, therefore, finds and certifies the appeal is not taken in good faith. So the Notice, liberally construed as an IFP motion, is denied. Any additional request to proceed IFP on appeal should be sent to the Eleventh Circuit. Fed. R. App. P. 24(a)(5). Again, Plaintiff is encouraged to use the available pro se litigant resources.[2]

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Notice of Appeal (Doc. 26), liberally construed as a motion for leave to appeal *in forma pauperis*, is **DENIED**.

2. Under 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), the Court **CERTIFIES** this appeal is not taken in good faith.

3. The Clerk is **DIRECTED** to immediately forward a copy of this Order to Plaintiff and the Clerk for the United States Court of Appeals for the Eleventh Circuit.

---

[2] *See* http://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/Pro_Se_Handbook_Final_DEC19.pdf; *see also* https://www.flmd.uscourts.gov/sites/flmd/files/documents/mdfl-guide-for-proceeding-without-a-lawyer.pdf.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of June, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record